STATE OF NORTH CAROLINA v. FLOYD DOUGLAS BRAY

No. 7828SC15

(Filed 20 June 1978)

**Criminal Law § 114.4— jury instructions—evidence that defendant confessed—expression of opinion**

In a prosecution for second degree murder where defendant admitted firing the gun that killed decedent but contended that he was justified in acting in defense of himself and his place of habitation, the trial court expressed an opinion in violation of G.S. 1-180 when the court instructed that "there is

evidence which tends to show that the defendant confessed that he committed the crime charged in this case."

APPEAL by defendant from *Howell, Judge*. Judgment entered 10 December 1976 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 27 April 1978.

Upon a plea of not guilty defendant was tried on a bill of indictment charging him with the murder of John Matt Rollins on 17 August 1976. Evidence presented by the State tended to show:

Around midnight on 16-17 August 1976, Jimmy Swink, deceased and two others went to a lounge in rural Buncombe County for the purpose of breaking into the place. Swink and deceased tried to enter the building at several places and eventually succeeded in prying open the front door. Their two accomplices served as lookouts.

As Swink and deceased entered the vestibule of the lounge, a gun was fired from inside the building and Swink ran. A second shot was fired and some five minutes later Swink returned to the building where he saw deceased lying just inside the lounge with blood on his shoulder. Deceased had no weapon.

Deputy Sheriff Wallen arrived at the lounge around 1:25 a.m. and saw deceased lying in the foyer area and defendant standing near him with a shotgun. After placing defendant in the police car, the officer examined deceased, found a wound in his back and no pulse. Defendant made the following statement to the officer: "I was in the back near the pool tables cleaning up, when I heard a noise at the front door. I went up there and these dudes were breaking in. I hollered and told the boys to freeze, and they started running. I told them again and fired a warning shot. They kept running, and I told them again, and I shot that one."

Defendant's evidence tended to show: He had been doing repair work at the lounge and had been allowed to spend the nights there because he did not have transportation to and from his home. Defendant was not staying in the lounge as a guard although there had been several recent break-ins. On the night in question he was about to go to bed when he heard noises like someone breaking in. He first heard noises at the back of the building, then on the side and finally at the front door. He became

frightened and went looking for a gun in the lounge office. Lighting in the lounge was extremely dim but he finally obtained the gun. As he heard the burglars enter the front door, he instinctively fired the gun twice without taking aim. He then telephoned the sheriff's office and asked for assistance.

The trial judge instructed the jury that they might return a verdict of second-degree murder, voluntary manslaughter, involuntary manslaughter, or not guilty. The jury returned a verdict of guilty of involuntary manslaughter and from judgment imposing a prison sentence of not less than three nor more than five years, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Charles J. Murray, for the State.*

*J. Lawrence Smith for defendant appellant.*

BRITT, Judge.

Defendant contends the trial court committed prejudicial error in giving the following instruction to the jury: "There is evidence which tends to show that the defendant confessed that he committed the crime charged in this case." We think the contention has merit in view of the evidence in this case.

Defendant argues that while he admitted firing the gun that killed decedent, that he did not "confess" murdering or otherwise unlawfully taking the life of decedent. On the contrary he argues, among other things, that his conduct was justified in that he was acting in defense of himself and his place of habitation.

The State argues that the term "confession" has been defined by our Supreme Court as "[a]ny extra-judicial statement of an accused . . . if it admits defendant's guilt of an essential part of the offense charged"; *State v. Williford*, 275 N.C. 575, 582, 169 S.E. 2d 851 (1969); and that since defendant admitted firing the weapon that killed decedent, an essential part of the offense charged, the court did not err in referring to the admission as a confession.

We do not find this argument persuasive for the reason that the definition stated in *Williford* has to be considered in the context of that case. There the court was passing upon the admissibility of evidence relating to an incriminating statement

made by the defendant. The defendant contended that the statement was not knowingly and voluntarily made. The State contended that since the statement related only to a part of the alleged crime, it was not a confession. In that context the court stated the definition quoted above and held that absent proper findings that the incriminating statement was knowingly and voluntarily made by the defendant, evidence relating to it was inadmissible.

As authority for the definition, the court in *Williford* cited *State v. Hamer*, 240 N.C. 85, 81 S.E. 2d 193 (1954). A review of *Hamer* reveals that the court in that case was addressing the question of admissibility of evidence relating to an incriminating statement.

After giving the challenged instruction in the case at hand, the court charged: "If you find that the defendant made that confession, then you should consider all of the circumstances under which it was made in determining whether it was a truthful confession and the weight you will give to it." In this context, we think the terms "confess" and "confession" must be considered in their broader and more usually accepted sense rather than employing the definition used in *Williford* and *Hamer*. In Black's Law Dictionary, Fourth Edition, p. 368, one of the definitions given for confess is "[t]o admit the truth of a charge or accusation". Confession is defined as: "[a] voluntary statement made by a person charged with the commission of a crime or misdemeanor, communicated to another person, wherein he acknowledges himself to be guilty of the offense charged, and discloses the circumstances of the act or the share and participation which he had in it." *Ibid* at 369.

The instruction complained of was given in the early part of the charge as the court was instructing on various legal principles. While we are certain that the learned trial judge did not intend to express an opinion on the evidence, we think that by using the terms "confessed" and "confession" he inadvertently did so, in violation of G.S. 1-180. We think it is very likely that the jury received the impression that the court felt that the evidence showed that defendant had "confessed", that he had admitted the truth of a charge against him.

We hold that the error was sufficiently prejudicial to entitle defendant to a new trial. We refrain from discussing the other assignments of error argued in defendant's brief as they likely will not recur upon a retrial of the case.

New trial.

Judges CLARK and ERWIN concur.