STATE OF NORTH CAROLINA v. WILLIAM LESLIE OAKES

No. 7821SC398

(Filed 19 September 1978)

Criminal Law § 114.2— statement by defendant—court's use of word "incriminating"—no expression of opinion

In a prosecution for second degree murder where defendant had before trial stated the gun was in his hand when it went off, firing the shot which hit the victim in the face, the trial court did not misstate the evidence or express an opinion on the evidence by characterizing defendant's statement as "incriminating."

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 2 February 1978. Heard in the Court of Appeals 29 August 1978.

Upon his plea of not guilty, defendant was tried on a charge of murder in the second degree of Ulysses Harrison Leonard. At trial the State presented evidence to show that on the afternoon of 4 November 1977, the defendant stormed with a gun in his hand into the living room of Agnes Beatrice Wilson, where Wilson, Leonard and an insurance agent were seated. As the three jumped up to flee out the back door, the defendant began shooting and hit Wilson in the leg. The defendant chased Leonard on out behind the house, caught up with him and shot him in the head, causing his death.

The defendant offered no evidence.

The jury found the defendant guilty as charged. From judgment imposing a prison sentence of not less than sixty nor more than seventy years, the defendant appealed.

*Attorney General Edmisten by Michael Todd, Associate Attorney, N.C. Department of Justice, for the State.*

*Morrow, Fraser & Reavis by John F. Morrow for the defendant.*

PARKER, Judge.

The defendant's sole contention in this appeal is that the trial court expressed an opinion on the evidence in his instructions to the jury when he commented as follows on a statement the defendant had made to the police:

> Also, Members of the Jury, there has been some evidence introduced in this trial which tends to show that the defendant made an incriminating statement concerning this case at an earlier time. If you find that the defendant made this incriminating statement, then you should consider all the circumstances under which it was made in determining whether it was a truthful incrimination, and the weight that you will give it.

This Court recently found reversible error where the trial court instructed the jurors as to a statement made by a defendant to the police by saying, "There is evidence which tends to show that the defendant confessed that he committed the crime charged in this case." *State v. Bray*, 37 N.C. App. 43, 245 S.E. 2d 190 (1978). The present case is distinguishable.

In *Bray*, the defendant had not, in fact, "confessed that he committed the crime charged." The defendant in that case was charged with second degree murder, and while he had admitted to the investigating officer that he had fired the fatal shot, he had not *confessed* to murdering or otherwise unlawfully taking the life of the decedent, but contended throughout that he had acted lawfully. Under these circumstances this court held that by using the terms "confessed" and "confession," the trial judge inadvertently expressed an opinion on the evidence, since it was "very likely that the jury received the impression that the court felt that the evidence showed that defendant had 'confessed,' that he had admitted the truth of a charge against him." 37 N.C. App. at 46, 245 S.E. 2d at 192. The trial court's characterization of the defendant's statement in *Bray* as a *confession* to the crime charg-

ed was a misstatement of the facts clearly resulting in prejudice to the defendant in that case.

In the present case, on the other hand, the statement by the defendant was in fact incriminating, precisely as the trial court characterized it. In the statement, although the defendant did not admit to intentionally shooting Leonard, the defendant did say that the gun was in his hand when it went off, firing the shot which hit Leonard in the face. The court in the present case neither misstated the evidence nor expressed an opinion on the evidence by characterizing defendant's statement to the officer as "incriminating."

In defendant's trial and in the judgment entered we find

No error.

Judges CLARK and ERWIN concur.